[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11881

Non-Argument Calendar

_____

NATIONAL INDEMNITY COMPANY OF THE SOUTH,

Plaintiff-Appellee,

*versus*

MA ALTERNATIVE TRANSPORT SERVICES, INC.,
a Florida Corporation,
SHERRY HENRY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

2                    Opinion of the Court                    22-11881

D.C. Docket No. 6:19-cv-00013-RBD-LHP

—————————————

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This federal case originated when National Indemnity Company of the South ("the Insurance Company") filed a complaint in the district court seeking a declaratory judgment that it owed no coverage under MA Alternative Transport Services's ("MA Alternative") liability insurance policy. The Insurance Company claims that MA Alternative breached the notification and cooperation clauses in the Policy and that those breaches prejudiced it. The Insurance Company claims that MA Alternative received a copy of Sherry Henry's complaint after it was filed in state court, but failed to notify or send a copy to the Insurance Company and failed to apprise the Insurance Company of subsequent developments in the state court case, thus breaching the notification and cooperation clauses of the Policy, and prejudicing the Insurance Company (i.e. the default judgment in Henry's state lawsuit against MA Alternative). The district court granted partial summary judgment in favor of the Insurance Company. *See* Dist. Ct. Doc. 86. The summary judgment left certain issues to be tried to a jury, some of which are relevant to this appeal.

The jury trial was held. The jury found, *inter alia*, that MA Alternative had breached the notification and cooperation clauses in the Policy, and that the Insurance Company suffered prejudice.

Appellants make three discrete arguments on appeal. The first challenges the district court's failure to grant summary judgment in their favor with respect to the prejudice issue. The second and third arguments challenge two evidentiary rulings of the district court with respect to the jury trial. After careful consideration of the briefs of the parties and relevant parts of the record, we conclude that the judgment of the district court is due to be affirmed.

We write only for the parties who are already familiar with the facts and the relevant law. Therefore we write only so much as is necessary for the parties to understand our reasoning.

I.

Appellants' first issue on appeal is whether the district court erred in failing to grant summary judgment in their favor on the prejudice issue. Appellants argue that the state court default judgment (resulting from the breaches of the notification and cooperation clauses of the Policy) did not prejudice the Insurance Company because it had an opportunity to vacate the default judgment, but ineffectively pursued that opportunity in state court. We note that the Appellants implicitly acknowledge on appeal that MA Alternative failed to notify the Insurance Company of Henry's complaint and other developments in the state court case, thus breaching the notification and cooperation clauses of the Policy. Rather, Appellants argue that the Insurance Company could have done a better job in state court in prosecuting the motion to vacate the default judgment. They argue that the default judgment could have been vacated easily, and thus there would have been no

prejudice.  In other words, Appellants argue that they should not be held responsible for the prejudice that the Insurance Company suffered on account of the default judgment, which they argue was caused instead by the Insurance Company's own inadequate advocacy.

We conclude that this first argument of Appellants on appeal is without merit for several reasons.  First, none of the cases relied on by Appellants actually support Appellants' argument.  None of those cases support Appellants' theory that the Insurance Company's alleged ineffective advocacy in the state court with respect to the motion to vacate the default judgment is the equivalent to, or sufficiently analogous to, an insurance company's "unjustifi[ed] refus[al] to file and pursue a viable motion to set aside the [default] judgment."  *Indem. Ins. Corp. of DC. v. Caylao*, 130 So. 3d 783, 787 (Fla. Dist. Ct. App. 2014).  As the district court said, the Appellants' argument relies on a "gross misstatement of the law," Dist. Ct. Doc. 86 at 23, or a mere "rabbit trail," Dist. Ct. Doc. 181 at 192.  Second, as the district court held, at the summary judgment stage of the proceedings below, there were genuine issues of fact with respect to the facts Appellants now rely on in arguing that there was an easy, straightforward way the Insurance Company could have persuaded the state court to vacate the default judgment.  For example, the district court held that there was a genuine issue of fact as to whether Duarte Santiago was a co-resident with Magalon (President of MA Alternative) at the time the process server served Henry's complaint on Santiago at MA Alternative's business

address (Magalon's residence).  As the district court noted, the process server's return of service, as well as his affidavit, suggested that Santiago told the process server that he was a co-resident there. *See* Dist. Ct. Doc. 86 at 21 (holding that there was a genuine issue of fact in this regard based on the "process server's sworn affidavit stating that he served Duarte as a co-resident.").  Thus, both as a legal matter and as a factual matter, Appellants were not entitled to summary judgment in their favor with respect to Appellants' first argument on appeal.[1]

Accordingly, we conclude that Appellants' first argument on appeal is without merit.

## II.

Appellants' second argument on appeal—i.e. that the district court abused its discretion when it denied Appellants' motion in limine filed on Sunday immediately before trial began on Monday morning—is also wholly without merit.  Appellants' motion sought to concede the issue of prejudice and thereby exclude any evidence of the underlying state lawsuit which resulted in the $5 million default judgment.  The district court properly denied the last-minute motion as untimely.  Whether or not MA Alternative's

---

[1] Although Appellants' motion for summary judgment and briefing in support thereof to the district court are far from clear that Appellants actually sought summary judgment in their favor in this regard—as opposed to merely opposing summary judgment in favor of the Insurance Company—we need not decide that issue.

breach of the notification and cooperation clauses of the Policy prejudiced the Insurance Company had been a disputed issue since the beginning of the district court proceedings. The district court's summary judgement order held there were issues of fact with respect thereto that had to be tried to a jury. Thereafter, the joint pretrial statement filed on August 12, 2021, and the Pretrial Conference held on August 19, 2021, established that prejudice was a prime issue for the jury trial. Clearly, Appellants' eve-of-trial attempt to change a primary issue for trial would have been highly prejudicial to the Insurance Company whose trial preparation obviously was already set. And Appellants did not explain to the district court, and do not explain on appeal, why Appellants had good cause for this last-minute attempt to obtain leave from the district court to grant Appellants' request to make a substantial change in the structure of the jury trial which had long been mutually agreed upon and established. Appellants cited no reason in the district court—and cite none on appeal—why they delayed from August 2021 to Sunday, December 12, 2021, on the very eve of the jury trial to request such a substantial change in the structure of the trial. Moreover, Appellants' concession was not a complete concession of the prejudice issue; it did not eliminate a finding of liability on the part of the Insurance Company. Rather, it conceded only that the default judgment could constitute prejudice. Appellants sought to still retain the right to argue that the prejudice was not caused by MA Alternative's breaches of the Policy clauses. They still wanted to argue that the real cause of the prejudice was

the Insurance Company's own ineffective advocacy in seeking to vacate the default judgment in the state court.

Accordingly, we cannot conclude that the district court abused its discretion in this regard.

### III.

Finally, Appellants' third argument on appeal is also without merit. Appellants argue that the district court abused its discretion in admitting the testimony of Henry's attorney in the state court proceedings. That attorney testified that on February 8, 2018, he mailed a copy of the state court trial judge's order ("Trial Order") noting that the default judgment had been entered against MA Alternative and a date had been set for litigation of damages. The attorney testified that he then received a telephone call from a male caller who identified himself as Magalon, indicating that he had received the Trial Order. Appellants argue that the attorney's testimony is inadmissible hearsay. The district court ruled that the evidence was admissible as a statement of a party opponent (because Magalon was President of MA Alternative). Appellants argued in the district court and on appeal that there was insufficient authentication—i.e. that there was insufficient evidence that the caller was in fact Magalon and therefore the evidence could not be admitted as a statement of a party opponent.

It is true that the mere assertion of identity by a person on a telephone call may not, by itself, be sufficient to authenticate that person's identity. However, "some additional evidence, which

'need not fall in[to] any set pattern' may provide the necessary foundation." *United States v. Dhinsa*, 243 F.3d 635, 659 (2d Cir. 2001) (quoting Fed.R.Evid. 901(b)(6) advisory committee notes, ex. 6). We cannot conclude that the district court abused its discretion in finding sufficient authentication and admitting the evidence. In addition to the caller's self-identification, the caller implicitly acknowledged receipt of the February 8, 2018, letter which we know was mailed to Magalon's address; the caller asked Henry's attorney: "Why is your office sending my company mail?" There ensued a discussion in which Henry's attorney explained the Trial Order and that there had been a default judgment entered against Magalon's company and a trial date set to determine damages, in response to which the caller used profanity and hung up. Rule 901(b)(6) and example 6 in the Advisory Committee Notes support the district court's ruling.

We cannot conclude that the district court abused its discretion in this regard. We agree that the Insurance Company produced "evidence sufficient to support a finding that [Henry's attorney's testimony] is what the proponent claims it is." Fed.R.Evid. 901(a). And Appellants did not rebut the Insurance Company's prima facie case; Magalon did not testify at all.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.